1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

UNITED STATES OF AMERICA,

Case No.: 14-CR-2253 (DMS)

12

Plaintiff,

13

v.

**ORDER DENYING MOTION FOR SENTENCING MODIFICATION UNDER 18 U.S.C. § 3582(C)**

14

IVAN ALFREDO CASTRO SANTANA (3)

15
16

Defendant.

17
18

Before the Court is Defendant Ivan Alfredo Castro Santana's *pro se* motion to reduce

19

his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed a response in

20

opposition. Defendant did not file a reply. For the following reasons, Defendant's motion

21

is denied.

22

**I.**

23

**BACKGROUND**

24

On January 20, 2017, the Court sentenced Defendant to 97 months of imprisonment

25

and three years of supervised release, for violating 18 U.S.C. § 1956(h), Conspiracy to

26

Launder Monetary Instruments. (Amended Judgment, ECF No. 352.)

27
28

1

14cr2253 (DMS)

1    Defendant is 38 years old and suffers from asthma and hyperlipidemia.[1]  (Mot. at 4.)

2  The Centers for Disease Control and Prevention (CDC) identifies "moderate-to-severe"

3  asthma as a condition that "might" place an individual at increased risk for severe illness

4  from COVID-19.  *See People with Certain Medical Conditions*, CENTERS FOR DISEASE

5  CONTROL    AND    PREVENTION,    http://cdc.gov/coronavirus/2019-ncov/need-extra-

6  precautions/groups-at-higher-risk.html.  Defendant is currently incarcerated at the D. Ray

7  James Correctional Facility in Folkston, Georgia.  (Mot. at 5; Opp. at 4.)  He is scheduled

8  to be released on July 8, 2022.  (Mot. at 4; Opp. at 2.)  Due to the risks associated with

9  COVID-19 and the inability to socially distance in a custodial setting, Defendant now seeks

10  a reduction of his sentence to time served.  The Government opposes Defendant's motion.

11                                              **II.**

12                                        **DISCUSSION**

13    In general, a court may not modify a sentence of incarceration once it has been

14  imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal

15  Procedure.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The First Step Act

16  ("FSA") is such a statute.  *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018).  Among the

17  criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. §

18  3582(c)(1)(A) to allow the defendant to move the district court for compassionate release

19  after exhausting the Bureau of Prison ("BOP") process.

20    Section 3582(c) of Title 18 of the United States Code provides that a court may not

21  modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons,

22  or upon motion of the defendant."  A defendant may bring a § 3582(c) motion after he has

23  "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to

24

25  _____

26  [1] Defendant notes hyperlipidemia once in his motion but provides no other support for

27  this claim or information on how this condition provides a basis for the Court to grant
   compassionate release.  In any case, hyperlipidemia is not on the CDC list of medical

28  conditions that may put people at increased risk of severe illness from COVID-19.

2

1   act or "the lapse of 30 days from the receipt of such a request by the warden of the

2   defendant's facility, whichever is earlier."   18 U.S.C. § 3582(c)(1)(A).   Administrative

3   exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs

4   when the BOP denies a defendant's application or lets thirty days pass without responding

5   to it."  *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D.

6   Cal. Mar. 3, 2020) (internal quotation marks and citations omitted).   Here, Defendant is a

7   resident of the D. Ray James Correctional Facility, which is privately operated by the GEO

8   Group.   As such, Defendant asserts that he is not required to exhaust his administrative

9   remedies because he is unable to present a request for compassionate release to a BOP

10   warden.  (Mot. at 2-3.)   In response, the Government states that Defendant has "satisfied

11   the administrative requirements" because Defendant is housed in a private contract facility

12   outside of the BOP and administrative remedies are not available.   (Opp. at 4.)

13   Accordingly, the Court addresses the motion on its merits.  *See United States v. Dimas*,

14   No. 20-CR-365 DMS, 2020 WL 4697966, at *2 (S.D. Cal. Aug. 13, 2020) (stating court

15   may address merits of defendant's motion where government does not dispute that

16   defendant has exhausted administrative remedies).

17        The FSA allows a district court to modify a sentence and grant compassionate release

18   if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction

19   complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any

20   other person or to the community[.]"  *See* 18 U.S.C. § 3582(c)(1)(A); United States

21   Sentencing Guidelines ("U.S.S.G") § 1B1.13.  Defendant contends he meets the foregoing

22   criteria.  As the movant, Defendant bears the burden of establishing that he is eligible for

23   a sentence reduction.  *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

24        1.  Extraordinary and Compelling Reasons

25        Defendant argues that his medical condition presents an extraordinary and

26   compelling reason for compassionate release.   The Sentencing Guidelines provide that

27   extraordinary and compelling reasons may exist for compassionate release where a

28   defendant suffers from, among other conditions, "a serious physical or mental condition …

14cr2253 (DMS)

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G § 1B1.13, cmt n.1(A)(i)(I). Defendant contends that his asthma, combined with his conditions of confinement, make him particularly vulnerable to COVID-19. (Mot. at 7.) The Government argues that Defendant has not demonstrated extraordinary and compelling reasons because Defendant's asthma is not severe enough to qualify as a serious risk factor under the CDC guidelines. (Opp. at 4-6.) Indeed, the CDC specifies "moderate-to-severe" asthma as a condition that "might" place an individual at increased risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Here, none of Defendant's evidence shows his asthma is moderate or severe. To the contrary, the medical records submitted by Defendant shows that he has "mild intermittent asthma" and that he is receiving proper treatment in custody, including the use of an inhaler. (Mot. at 23-25.) Accordingly, Defendant fails to show his asthma condition, combined with the level of medical treatment he is receiving in custody, "substantially" diminishes" his ability "to provide self-care within the environment of a correctional facility" during the pandemic. *See* § 1B1.13 cmt. n.1(A)(ii)I).

2. Danger to Others or the Community

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1. To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community

4

14cr2253 (DMS)

1    that release would impose.  These factors are addressed in turn and overlap with the §

2    3553(a) factors.

3          The Government asserts that Defendant poses a danger to the community because

4    of the aggravated nature and circumstances of Defendant's offense.  (Opp. at 8.)  Defendant

5    was convicted for conspiracy to launder monetary instruments.  (PSR, ECF No. 336, at 1.)

6    Defendant was a high-level money launderer working to transfer millions of dollars in drug

7    proceeds from the United States to Mexico and Colombia.  (Opp. at 8; PSR, ECF No. 336,

8    ¶ 80.)    His actions resulted in the importation of vast amounts of cocaine and

9    methamphetamine into the United States.  (Opp. at 8.)  Defendant does not address this

10   issue of whether or not he would present a danger to the community if released.  The Court

11   finds that Defendant has failed to show he would not pose a danger to the community if

12   released.

13         3.  § 3553(a) Factors

14         Finally, the Court must consider "the factors set forth in section 3553(a) to the extent

15   that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  Section 3553(a) provides that the

16   sentencing court must impose a sentence that is "sufficient, but not greater than necessary

17   … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide

18   just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C)

19   to protect the public from further crimes of the defendant; and (D) to provide the defendant

20   with needed educational or vocational training, medical care, or other correctional

21   treatment in the most effective manner[.]"  18 U.S.C. § 3553(a)(2)(A)-(D).  The court also

22   must consider, among other factors, "the nature and circumstances of the offense and the

23   history and characteristics of the defendant" and the "need to avoid unwarranted sentence

24   disparities among defendants with similar records who have been found guilty of similar

25   conduct."  *Id.* § 3553(a)(1),(6).

26         Defendant contends that the § 3553(a) factors are in his favor because he suffers

27   from asthma and he has already served "substantial time."  (Mot. at 20.)  The Government

28   argues that the § 3553(a) factors weigh against a sentence reduction because allowing

5

1   Defendant to be released and deported to Columbia without home confinement would

2   result in an unwarranted sentencing disparity and would not promote respect for the law.

3   (Opp. at 8-9.)  The Court agrees with the Government.  As discussed earlier, Defendant is

4   receiving appropriate care for his mild asthma.  Although Defendant believes that he has

5   served enough time in custody, the Court does not find his sentence to be greater than

6   necessary under § 3553(a), especially considering Defendant's 97-month sentence is

7   already considerably less than the guideline range of 188-235 months.  (PSR, ECF No.

8   336, ¶¶ 80, 82.)

9                                                **III.**

10                              **CONCLUSION AND ORDER**

11          For the foregoing reasons, Defendant's motion for compassionate release is denied.

12          **IT IS SO ORDERED.**

13

14   Dated:  November 19, 2020

15                                        _____

16                                        Hon. Dana M. Sabraw
                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

6

14cr2253 (DMS)