

FILED
JUN 0 8 2021
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

15 MAR -6 PM 3:19
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
___ DEPUTY

SEALED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### September 2013 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN MANUEL ALVAREZ INZUNZA (1), <br>  aka "Rey Midas," aka "Lic," <br>  aka "Liccash," aka "Rey Alfil," <br><br> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ <br><br> IVAN ALFREDO CASTRO SANTANA (3), <br>  aka "Guero," aka "Miguel," <br>  aka "Zarco," <br> JUAN CARLOS GOMEZ-RAMOS (4), <br>  aka "Kandado," <br> ESEQUIEL OLIVAS-CHAIDEZ (5), <br>  aka "Copoya," <br><br> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ <br><br> ROMEO ALFONSO <br>   SALGUERIO-RETAMOZA (9), <br>  aka "Romeo," <br><br> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ <br><br> MARIA GUADALUPE ZAVALA (12), <br>  aka "Linda," <br><br> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | Case No. 14CR2253-DMS <br><br> I N D I C T M E N T <br> (2nd Superseding) <br><br> Title 18, U.S.C., Secs. 1956(h) - Conspiracy to Launder Monetary Instruments; Title 21, U.S.C., Secs. 959, 960, and 963 - Conspiracy to Distribute Cocaine Intended for Importation; Title 21, U.S.C., Secs. 952, 960, and 963 - Conspiracy to Import Cocaine and Methamphetamine; Title 21, U.S.C., Secs. 841(a)(1) and 846 - Conspiracy to Distribute Cocaine and Methamphetamine; Title 18, U.S.C., Sec. 371 - Conspiracy; Title 31, U.S.C., Sec. 5332 - Bulk Cash Smuggling Conspiracy; Title 31, U.S.C., Sec. 5324 - Structuring Conspiracy; Title 21, U.S.C., Secs. 959, 960, and 963 - Conspiracy to Manufacture and Distribute Methamphetamine and Heroin Intended for Importation; Title 18, U.S.C., Sec. 982, Title 21, U.S.C., Sec. 853, and Title 31, U.S.C., Secs. 5317(c) and 5332(b) - Criminal Forfeiture |

DEZ:nlv:San Diego:3/6/15

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
ALEX VILLEGAS (15),
  aka "Vale,"
IRIS ROBERTS (16),
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
EUSEVIO ORTIZ-AISPURO (19),
  aka "Las Flechas,"
  aka "Chevo,"

           Defendants.

The grand jury charges:

## Count 1

### Conspiracy to Launder Monetary Instruments

Beginning on a date unknown to the grand jury and continuing up to and including September 9, 2014, within the Southern District of California and elsewhere, defendants JUAN MANUEL ALVAREZ INZUNZA, aka "Rey Midas," aka "Lic," aka "Liccash," aka "Rey Alfil," ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ IVAN ALFREDO CASTRO SANTANA, aka "Guero," aka "Miguel," aka "Zarco," JUAN CARLOS GOMEZ-RAMOS, aka "Kandado," ESEQUIEL OLIVAS-CHAIDEZ, aka "Copoya," ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ROMEO ALFONSO SALGUERIO-RETAMOZA, aka "Romeo," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and EUSEVIO ORTIZ-AISPURO, aka "Las Flechas," aka "Chevo," did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury to commit offenses against the United States, to wit:

    a. to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is narcotics distribution, with the intent to promote the carrying on of specified

2

unlawful activity, that is narcotics distribution, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

      b. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, narcotics distribution, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

      c. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, narcotics distribution, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

//

//

3

1     d.  to transport, transmit and transfer and attempt to
2 transport, transmit and transfer a monetary instrument and funds from
3 a place in the United States to and through a place outside the United
4 States with the intent to promote the carrying on of specified
5 unlawful activity, that is, narcotics distribution, in violation of
6 Title 18, United States Code, Section 1956(a)(2)(A); and

7     e.  to transport, transmit, and transfer, and attempt to
8 transport, transmit, and transfer a monetary instrument or funds from
9 a place in the United States to or through a place outside the United
10 States, knowing that the funds involved in the transportation,
11 transmission, and transfer represented the proceeds of some form of
12 unlawful activity and knowing that such transportation, transmission,
13 and transfer was designed in whole or in part to conceal and disguise
14 the nature, location, source, ownership, and control of the proceeds
15 of specified unlawful activity, in violation of Title 18, United
16 States Code, Section 1956(a)(2)(B)(i);

17 All in violation of Title 18, United States Code, Section 1956(h).

## Count 2

### Conspiracy to Distribute Cocaine Outside the United States

20  Beginning on a date unknown to the grand jury and continuing up
21 to and including September 9, 2014, defendants JUAN MANUEL ALVAREZ
22 INZUNZA, aka "Rey Midas," aka "Lic," aka "Liccash," aka "Rey Alfil,"
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ IVAN ALFREDO
24 CASTRO SANTANA, aka "Guero," aka "Miguel," aka "Zarco," JUAN CARLOS
25 GOMEZ-RAMOS, "Kandado," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ did knowingly
26 and intentionally conspire with each other, and with other persons
27 known and unknown to the grand jury, to distribute and cause the
28 distribution of 5 kilograms and more of cocaine, a Schedule II

4

Controlled Substance, intending and knowing that such cocaine would be unlawfully imported into the United States; all in violation of Title 21, United States Code, Sections 959, 960, and 963.

### Count 3

### Conspiracy to Import Cocaine

Beginning on a date unknown to the grand jury and continuing up to and including September 9, 2014 within the Southern District of California, and elsewhere, defendants JUAN MANUEL ALVAREZ INZUNZA, aka "Rey Midas," aka "Lic," aka "Liccash," aka "Rey Alfil," ███████ ESEQUIEL OLIVAS-CHAIDEZ, aka "Copoya," ███████ ROMEO ALFONSO SALGUERIO-RETAMOZA, aka "Romeo," ███████ ALEX VILLEGAS, aka "Vale," and IRIS ROBERTS, did knowingly and intentionally conspire with each other, and with other persons known and unknown to the grand jury, to import 5 kilograms and more of cocaine, a Schedule II Controlled Substance into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952, 960, and 963.

### Count 4

### Conspiracy to Distribute Cocaine

Beginning on a date unknown to the grand jury and continuing up to and including August 8, 2014, within the Southern District of California, and elsewhere, defendants JUAN MANUEL ALVAREZ INZUNZA, aka "Rey Midas," aka "Lic," aka "Liccash," aka "Rey Alfil," ███████ ESEQUIEL OLIVAS-CHAIDEZ, aka "Copoya," ███████

1 ███████████████████████████████ ROMEO ALFONSO SALGUERIO-RETAMOZA,
2 aka "Romeo," ███████████████████████████████████████████████████████
3 ████████████████████████████████████████████████████████████████ ALEX
4 VILLEGAS, aka "Vale," and IRIS ROBERTS, and did knowingly and
5 intentionally conspire with other persons known and unknown to the
6 grand jury, to distribute, and possess with the intent to distribute
7 5 kilograms or more of cocaine, a Schedule II Controlled Substance; in
8 violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## Count 5

### Conspiracy to Import Methamphetamine

Beginning on a date unknown to the grand jury and continuing up to and including August 8, 2014, within the Southern District of California, and elsewhere, defendants JUAN MANUEL ALVAREZ INZUNZA, aka "Rey Midas," aka "Lic," aka "Liccash," aka "Rey Alfil," ███████ ████████████████████████████████████████████████████████████ ROMEO ALFONSO SALGUERIO-RETAMOZA, aka "Romeo," ██████████████████████ ████████████████████████████████████████████████ ALEX VILLEGAS, aka "Vale," and IRIS ROBERTS, did knowingly and intentionally conspire with each other, and with other persons known and unknown to the grand jury, to import 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine; into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952, 960, and 963.

//
//
//
//

## Count 6

### Conspiracy to Distribute Methamphetamine

Beginning on a date unknown to the grand jury and continuing up to and including September 9, 2014, within the Southern District of California, and elsewhere, defendants JUAN MANUEL ALVAREZ INZUNZA, aka "Rey Midas," aka "Lic," aka "Liccash," aka "Rey Alfil," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ROMEO ALFONSO SALGUERIO-RETAMOZA, aka "Romeo," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ALEX VILLEGAS, aka "Vale," and IRIS ROBERTS did knowingly and intentionally conspire with other persons known and unknown to the grand jury, to manufacture, distribute, and dispense 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## Count 7

### Bulk Cash Smuggling Conspiracy

Beginning on a date unknown to the grand jury and continuing up to and including September 9, 2014, within the Southern District of California defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did knowingly and intentionally conspire to commit offenses against the United States, to wit: to knowingly conceal more than $10,000 in U.S. currency in a conveyance, article of luggage, merchandise and container and to transport and attempt to transport and transfer such U.S. currency or monetary instruments from a place within the United States to a place outside the United States with the intent to evade a currency

1 | reporting requirement under Title 31, United States Code,
2 | Section 5316, in violation of Title 31, United States Code,
3 | Section 5332; all in violation of Title 18 United States Code,
4 | Section 371.

## Count 8

### Conspiracy to Structure Financial Transactions

Beginning on a date unknown to the grand jury and continuing up to and including September 9, 2014, within the Southern District of California, and elsewhere, defendants ROMEO ALFONSO SALGUERIO-RETAMOZA, aka "Romeo," ███████████████████████ and MARIA GUADALUPE ZAVALA, aka "Linda," did knowingly and intentionally conspire to commit offenses against the United States, to wit: Structuring of financial transactions, in violation of Title 31, United States Code, Section 5324(a)(3) and (d), Title 31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Section 1010.311; in violation of Title 31, United States Code, Section 5324.

### Overt Acts of Structuring Conspiracy

The following overt acts, among others, were committed within the Southern District of California, and elsewhere, in furtherance of the structuring conspiracy.

    a. On or about March 21, 2013, defendant SALGUERIO-RETAMOZA sent an electronic message to defendant ███████ requesting "Wells Fargo" accounts to deposit $100,000. Defendant ZAZUETA-LOPEZ responded, by electronic message, and provided four account names and numbers for Wells Fargo accounts in San Diego and Imperial Counties. ███████ also gave instructions to deposit $15,000 into each account.

  b. On or about the week of March 21, 2013, unidentified co-conspirators deposited $15,000 into each of the accounts provided by defendant ███ to defendant SALGUERIO-RETAMOZA. The deposits were made at numerous Wells Fargo bank branches in the Minneapolis, MN area, and none of the individual deposits were greater than $10,000.

  c. On or about April 9, 2013, defendant ███ sent an electronic message to defendant SALGUERIO-RETAMOZA requesting an "itemization." SALGUERIO-RETAMOZA responded with an electronic message summarizing a total of 15 deposits, each less than $10,000, into the bank accounts SALGUERIO-RETAMOZA had provided earlier.

  d. Throughout March and April 2013, unidentified co-conspirators made a total of 52 deposits, totaling $298,640, into accounts provided by defendant ███ to defendant SALGUERIO-RETAMOZA by electronic message. All of these 52 deposits were made in amounts less than $10,000.

  e. On or about March 21, 2013, defendant GUADALUPE ZAVALA sent an electronic message to defendant SALGUERIO-RETAMOZA, providing him with three bank account names and numbers, and instructing him to make deposits of $8200 into each. That same day, an unindicted co-conspirator made a deposit of $8200 into each of the tree accounts.

  f. On or about April and May, 2013, defendant GUADALUPE ZAVALA provided defendant SALGUERIO-RETAMOZA, by electronic message, with a series of additional bank account names and numbers. Unindicted co-conspirators, including Jose Cedeno Bacerra, then made multiple cash deposits, each under $10,000, into the accounts.

  g. On August 22, 2013, defendant SALGUERIO-RETAMOZA sent an electronic message to a co-conspirator, in which he provided the

9

Wells Fargo business account number for a company called "USA Imports." SALGUERIO-RETAMOZA also provided instructions to divide up a deposit of $25,000 into four or five individual deposits. In the days immediately afterwards, unidentified co-conspirators made five cash deposits into the USA Imports account, all for less than $10,000.

   h. On November 5, 2013, defendant SALGUERIO-RETAMOZA sent an electronic message to a co-conspirator, in which he provided the Wells Fargo account information for the business account of a company called "Simple Trading." SALGUERIO-RETAMOZA provided instructions not to deposit $10,000, but to only make a deposit of $8500 into the account. That same day, a co-conspirator deposited $8500 into the account, and SALGUERIO-RETAMOZA received an electronic communication with a photograph of the deposit slip.

   i. Over the course of November 2013, additional unidentified co-conspirators made multiple deposits into the Simple Trading account in amounts less than $10,000.

   j. In addition to the overt acts outlined above, SALGUERIO-RETAMOZA, ▇▇▇▇▇▇▇▇▇ and GUADALUPE ZAVALA exchanged thousands of electronic messages over the course of 2013, in which they discussed deposits into multiple bank accounts. Unidentified co-conspirators then made structured cash deposits, totaling more than $4 million, into the accounts discussed by the defendants.

All in violation of Title 18, United States Code, Section 371.

### Count 9

#### Conspiracy to Manufacture Methamphetamine Outside the United States

  Beginning on a date unknown to the grand jury and continuing up to and including September 9, 2014, defendant EUSEVIO ORTIZ-AISPURO, aka "Las Flechas," aka "Chevo," did knowingly and intentionally

conspire with other persons known and unknown to the grand jury, to manufacture and distribute and cause the manufacture and distribution of 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, intending and knowing that such methamphetamine would be unlawfully imported into the United States; all in violation of Title 21, United States Code, Sections 959, 960, and 963.

### Count 10

### Conspiracy to Manufacture Heroin Outside the United States

Beginning on a date unknown to the grand jury and continuing up to and including September 9, 2014, defendant EUSEVIO ORTIZ-AISPURO, aka "Las Flechas," aka "Chevo," did knowingly and intentionally conspire with other persons known and unknown to the grand jury, to manufacture and distribute and cause the manufacture and distribution of 1 kilogram and more of heroin, a Schedule I Controlled Substance, intending and knowing that such heroin would be unlawfully imported into the United States; all in violation of Title 21, United States Code, Sections 959, 960, and 963.

### Criminal Forfeiture Allegations

1. The allegations contained in Counts 1 through 10 of this Indictment are realleged and by reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853, Title 18, United States Code, Section 982, and Title 31, United States Code, Sections 5317 and 5332.

2. As a result of the commission of the felony offense alleged in Count 1 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), defendants JUAN MANUEL ALVAREZ INZUNZA,

1  aka "Rey Midas," aka "Lic," aka "Liccash," aka "Rey Alfil," ▋
2  ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ IVAN ALFREDO CASTRO
3  SANTANA, aka "Guero," aka "Miguel," aka "Zarco," JUAN CARLOS GOMEZ-
4  RAMOS, aka "Kandado," ESEQUIEL OLIVAS-CHAIDEZ, aka "Copoya,"
5  ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋
6  ROMEO ALFONSO SALGUERIO-RETAMOZA, aka "Romeo,"
7  ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋ MARIA GUADALUPE ZAVALA, aka "Linda,"
8  ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋
9  and EUSEVIO ORTIZ-AISPURO, aka "Las Flechas," aka "Chevo," shall, upon
10 conviction, forfeit to the United States all rights, title and
11 interest in any and all property involved in such offense, and any
12 property traceable to such property. The properties subject to
13 forfeiture include, but are not limited to the following:

   a. $62,615 seized from Wells Fargo bank account number XXXXXX1162 in the name of Jorge A. Zamano;

   b. $22,575.18 seized from Wells Fargo bank account number XXXXXX3143 in the name of Jose E. Castellanos;

   c. $26,420 seized from Wells Fargo bank account number XXXXXX9524 in the name of Jose E. Castellanos;

   d. $43,744.10 seized from Wells Fargo bank account number XXXXXX9563, in the name of Irma C. Samano;

   e. $34,568.03 seized from Wells Fargo bank account number XXXXXX1616 in the name of Jesus Cortez-Ruiz;

   f. $11,646.37 seized from Wells Fargo bank account number XXXXXX2828 in the name of Alberto Quinones;

   g. $44,998.40 seized from Wells Fargo bank account number XXXXXX7694 in the name of Susana Salgado.

26 //
27 //
28 //

3. As a result of the commission of the felony offense alleged in Counts 2 through 6, and 9 and 10 of this Indictment, said violations being punishable by imprisonment for more than one year, and pursuant to Title 21, United States Code, Section 853(a), defendants JUAN MANUEL ALVAREZ INZUNZA, aka "Rey Midas," aka "Lic," aka "Liccash," aka "Rey Alfil," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ IVAN ALFREDO CASTRO SANTANA, aka "Guero," aka "Miguel," aka "Zarco," JUAN CARLOS GOMEZ-RAMOS, "Kandado," ESEQUIEL OLIVAS-CHAIDEZ, aka "Copoya," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ROMEO ALFONSO SALGUERIO-RETAMOZA, aka "Romeo," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ALEX VILLEGAS, aka "Vale," IRIS ROBERTS, and EUSEVIO ORTIZ-AISPURO, aka "Las Flechas" aka "Chevo," shall forfeit to the United States any property constituting or derived from, proceeds traceable to such offenses, including but not limited to a sum of money equal to the total amount of proceeds obtained directly or indirectly as a result of the offenses, and all property used or intended to be used to commit or to facilitate the commission of the violations.

4. As a result of the commission of the felony offense alleged in Count 7 of this Indictment, and pursuant to Title 31, United States Code, Section 5332(b) defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ shall forfeit to the United States all property, real and personal involved in the offense and all property traceable to such property.

//
//

13

5. As a result of the commission of the felony offense alleged in Count 8 of this Indictment, and pursuant to Title 31, United States Code, Section 5317(c), defendants ROMEO ALFONSO SALGUERIO-RETAMOZA, aka "Romeo," ███████████████████████ and MARIA GUADALUPE ZAVALA, aka "Linda," shall forfeit to the United States all property, real and personal involved in the offense and all property traceable to such property. The properties subject to forfeiture include, but are not limited to, the following:

    a. $62,615 seized from Wells Fargo bank account number XXXXXX1162 in the name of Jorge A. Zamano;

    b. $22,575.18 seized from Wells Fargo bank account number XXXXXX3143 in the name of Jose E. Castellanos;

    c. $26,420 seized from Wells Fargo bank account number XXXXXX9524 in the name of Jose E. Castellanos;

    d. $43,744.10 seized from Wells Fargo bank account number XXXXXX9563, in the name of Irma C. Samano;

    e. $34,568.03 seized from Wells Fargo bank account number XXXXXX1616 in the name of Jesus Cortez-Ruiz;

    f. $11,646.37 seized from Wells Fargo bank account number XXXXXX2828 in the name of Alberto Quinones;

    g. $44,998.40 seized from Wells Fargo bank account number XXXXXX7694 in the name of Susana Salgado.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

```
                e.    has been commingled with other property which cannot be
                      subdivided without difficulty;
it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), Title 18 United States Code,
Section 982(b), Title 31, United States Code, Sections 5332(b) and
5317(c), to seek forfeiture of any other property of the defendants up
to the value of the said property listed above as being subject to
forfeiture.
All in violation of Title 21, United States Code, Section 853, and
Title 18, United States Code, Section 982 and Title 31, United States
Code, Sections 5317 and 5332.
     DATED: March 6, 2015.
```

LAURA E. DUFFY
United States Attorney

By: _____
    DANIEL E. ZIPP
    Assistant U.S. Attorney

I hereby attest and certify on 3/6/2015
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

15